The opinion of the court was delivered by
MoEnery, J.
The plaintiff in the above suit obtained an order of seizure and sale against the property of the defendant company.
Charles Hernandez filed an intervention by way of third opposition in said suit, claiming to be paid in preference to the seizing creditor.
The District Judge granted the order prayed for, directing the Civil Sheriff to hold in hi. hands the proceeds of the sale of the property until the final determination of the cause, and the citation of' plaintiff and defendant.
The District Judge rescinded the order granted in the following ex parte order:
“The Supreme Court of this State having decided in a final judgment in the suit between the same parties, being the case of D. T. Weil vs. Enterprise Ginning and Manufacturing Company, No. 25,135-of this court, and No.-of the Supreme Court, that the mortgage-securing the within mentioned note of Hernandez was extinct, and that the note of Rareshide is the first mortgage, it is ordered that-the foregoing order, signed on the 4th of August, 1880, be and is-hereby rescinded.
(Signed) “N. H. Rightor, Judge..
“ New Orleans, August 8, 1890."
*1196 The reason alleged for the rescinding of the order by counsel is that the judge had the records of his own court to inform him of the extinction of Hernandez’s mortgage. But the petition of intervention and third opposition contains all the requirements for the same, as directed by Art. 396 O. P. The judge was, therefore, without authority to refuse the filing of the petition, and, after it was filed and service made, he was without authority to dismiss the same without the filing of some objection to it.
“ If, for any cause, it should not be allowed, or the intervenor has no right to be heard upon his demand, his petition, as in other cases, should be dismissed upon a proper excéption urged against it by the party opposing it.” Ikerd vs. Postlewhaite, 36 An. 236; Sandel vs. Douglas, 25 An. 564; 15 An. 663; C. P. 394.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the case be remanded and reinstated on the docket of the court below, and the case to be proceeded with according to law, appellee to pay costs of appeal.”